26-2451

RECEIVED
2026 OCT -9 PM 2:44
CLERK'S OFFICE
U.S. COURT OF APPEALS

John Finley
55 Bank Street
Unit 721
White Plains, NY 10606

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**RAYMOND J. LOHIER, JR.**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date: September 2, 2026
Docket #: 26-2451
Short Title: Tantaros v. FOX News Network, LLC

DC Docket #: 1:25-cv-1675
DC Court: SDNY (NEW YORK CITY)
DC Judge: Sidney H. Stein

## DOCKETING NOTICE

A notice of appeal filed by Andrea K. Tantaros in the above referenced case was docketed today as 26-2451. This number must appear on all documents related to this case that are filed in this Court. For pro se parties the docket sheet with the caption page, and an Acknowledgment and Notice of Appearance Form are enclosed. In counseled cases the docket sheet is available on PACER. Counsel must access the Acknowledgment and Notice of Appearance Form from this Court's website http://www.ca2.uscourts.gov.

The form must be completed and returned within 14 days of the date of this notice. The form requires the following information:

YOUR CORRECT CONTACT INFORMATION: Review the party information on the docket sheet and note any incorrect information in writing on the Acknowledgment and Notice of Appearance Form.

The Court will contact one counsel per party or group of collectively represented parties when serving notice or issuing our order. Counsel must designate on the Acknowledgment and Notice of Appearance a lead attorney to accept all notices from this Court who, in turn will, be responsible for notifying any associated counsel.

CHANGE IN CONTACT INFORMATION: An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case.

An attorney and any pro se party who is permitted to file documents electronically in ACMS must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

CAPTION: In an appeal, the Court uses the district court caption pursuant to FRAP 12(a), 32(a). For a petition for review or original proceeding the Court uses a caption pursuant to FRAP 15(a) or 21(a), respectively. Please review the caption carefully and promptly advise this Court of any improper or inaccurate designations in writing on the Acknowledgment and Notice of Appearance form. If a party has been terminated from the case the caption may reflect that change only if the district court judge ordered that the caption be amended.

APPELLATE DESIGNATIONS: Please review whether petitioner is listed correctly on the party listing page of the docket sheet and in the caption. If there is an error, please note on the Acknowledgment and Notice of Appearance Form. Timely submission of the Acknowledgment and Notice of Appearance Form will constitute compliance with the requirement to file a Representation Statement required by FRAP 12(b).

For additional information consult the Court's instructions posted on the website.

Inquiries regarding this case may be directed to 212-857-8551.

# PUBLIC DOCKET FOR

## United States Court of Appeals for the Second Circuit

**Court of Appeals Docket #:** 26-2451
**Case Name:** Tantaros v. FOX News Network, LLC
**Nature of Suit:** 3442 CIVIL RIGHTS-Jobs
**Appeal From:** SDNY (NEW YORK CITY)
**Fee Status:** Due

**Docketed:** 09/02/2026
**Status:** Open

**Case Type Information**

1. Civil
2. Private
3.

**Originating Court Information**

**District:** SDNY (NEW YORK CITY): 1:25-cv-1675
**Trial Judge:** Sidney H. Stein, U.S. District Judge
**Magistrate Judge:** Valerie Figueredo, Magistrate
**Date Filed:** 02/27/2025

| Date Order/Judgment | Date Order/Judgment EOD | Date NOA Filed | Date Rec'd COA |
|---|---|---|---|
| 07/28/2026 | 07/28/2026 | 08/28/2026 | 09/01/2026 |

**Associated Cases**

**Party and Attorney Listing**

| | |
|---|---|
| DIANNE BRANDI<br>Petitioner - Appellee | Paul C. Evans, -<br>Direct: 212-318-6000<br>[Retained]<br>Paul Hastings LLP<br>New York<br>200 Park Avenue<br>New York, NY 10166 |
| IRENA BRIGANTI<br>Petitioner - Appellee | Paul C. Evans, -<br>Direct: 212-318-6000<br>[Retained]<br>Paul Hastings LLP |

| | |
|---|---|
| | New York<br>200 Park Avenue<br>New York, NY 10166 |
| ANDREA K. TANTAROS, -<br>Plaintiff-ctr-claim-defendant - Appellant | Andrea K. Tantaros, -<br>[Pro Se]<br>Direct: 917-923-5160<br>Pro Se<br>120<br>302A West 12th Street<br>New York, NY 10014 |
| FOX CORPORATION, INC.<br>Defendant - Appellee | Paul C. Evans, -<br>Direct: 212-318-6000<br>[Retained]<br>Paul Hastings LLP<br>New York<br>200 Park Avenue<br>New York, NY 10166 |
| JOHN FINLEY<br>Defendant - Appellee | John Finley<br>[Pro Se]<br>55 Bank Street<br>Unit 721<br>White Plains, NY 10606 |
| SCOTT BROWN<br>Defendant - Appellee | Richard A Edlin, -<br>Direct: 212-801-2282<br>[Retained]<br>Greenberg Traurig, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017 |
| FOX NEWS NETWORK, LLC<br>Defendant-ctr-claimant - Appellee | Paul C. Evans, -<br>Direct: 212-318-6000<br>[Retained]<br>Paul Hastings LLP<br>New York<br>200 Park Avenue<br>New York, NY 10166 |
| WILLIAM SHINE<br>Defendant-ctr-claimant - Appellee | Jonathan Nassau Halpern, -<br>Direct: 212-513-3512<br>[Retained]<br>Holland & Knight LLP<br>787 Seventh Avenue |

31st Floor
New York, NY 10019

SUZANNE SCOTT
Defendant-ctr-claimant - Appellee

Paul C. Evans, -
Direct: 212-318-6000
[Retained]
Paul Hastings LLP
New York
200 Park Avenue
New York, NY 10166

ROGER AILES
Defendant

RICHARD "BO" DIETL
Defendant

JOHN DOES 1-10
Defendant

Andrea K. Tantaros,

Plaintiff-Counter-Claimant-Counter-Defendant-Appellant,

v.

FOX News Network, LLC, William Shine, Suzanne Scott,

Defendant-Counter-Claimants-Appellees,

Fox Corporation, Inc., John Finley, Scott Brown,

Defendants - Appellees,

Dianne Brandi, Irena Briganti,

Petitioners-Counter-Claimants-Appellees,

Roger Ailes, Richard "Bo" Dietl, John Does 1-10,

Defendants.

**Docket**

*LEGEND:*
*(R) - Restricted Document*
*(L) - Locked Document*

| Date Filed | Entry # | Public Docket Text |
|---|---|---|
| 08/28/2026 | 1 | NOTICE OF INTERLOCUTORY CIVIL APPEAL, with district court docket, on behalf of Appellant Andrea K. Tantaros, FILED. [Entered: 09/02/2026 09:50 AM] |
| 08/28/2026 | 2 | DISTRICT COURT ORDER, dated 03/27/2026, RECEIVED. [Entered: 09/02/2026 09:56 AM] |
| 08/28/2026 | 3 | DISTRICT COURT OPINION AND ORDER, dated 03/27/2026, RECEIVED. [Entered: 09/02/2026 10:31 AM] |
| 08/28/2026 | 4 | DISTRICT COURT ORDER, dated 07/27/2026, RECEIVED. [Entered: 09/02/2026 10:33 AM] |
| 08/28/2026 | 5 | DISTRICT COURT MEMORANDUM ORDER, dated 07/28/2026, RECEIVED. [Entered: 09/02/2026 10:35 AM] |
| 08/31/2026 | 6 | ELECTRONIC INDEX, in lieu of record, FILED. [Entered: 09/02/2026 10:57 AM] |
| 09/02/2026 | 7 | INTERLOCUTORY CIVIL APPEAL, on behalf of Appellant Andrea K. Tantaros, OPENED. [Entered: 09/02/2026 11:01 AM] |
| 09/02/2026 | 8 | INSTRUCTIONAL FORMS, to Pro Se litigant, SENT. [Entered: 09/02/2026 11:04 AM] |

*Docket as of 9/2/2026 11:16 AM*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## DISTRIBUTION OF INSTRUCTIONS & FORMS TO PRO SE PARTIES IN U.S. & PRIVATE CIVIL CASES

_X_ Acknowledgment and Notice of Appearance

_X_ Docketing Notice

_X_ Docket Report

_X_ How to Appeal Your Civil Case

_X_ How to Appeal as a Pro Se Party

_X_ Form D-P

_X_ T-1080 Form

_X_ Financial Affidavit

_X_ Local Rule 24.1 Statement

_X_ Certificate of Service

_X_ Format Motion

_X_ Format Brief

_X_ Format Appendix

_X_ Pro Scheduling Notification

_X_ Oral Argument Statement (Local Rule 34.1(a))

_X_ Form 6 Certificate of Compliance

___ Form 7 Declaration of Inmate Filing (only if detained/incarcerated)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
THURGOOD MARSHALL UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NY 10007
212-857-8500

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE INSTRUCTIONS

The Acknowledgement and Notice of Appearance form requires all parties to provide contact information, any required corrections to the caption, a review of the parties' appellate designations, and information regarding any related cases before this Court. Counsel must also certify that they have been admitted to this Court and have complied with all rules regarding admission renewal or that they have applied for admission to this Court. If the Court has not yet admitted counsel or approved counsel for renewed admission, personal contact information for each represented client must be provided on Addendum A. In accordance with Local Rule 12.3(a), this form must be completed and returned within 14 calendar days of receipt of the docketing notice.

Each lead counsel of record or individual appearing *pro se* must complete this form. Any attorney acting as a substitution or amicus counsel or any attorney other than lead counsel of record wishing to enter the case must file a separate notice of appearance using the Notice of Appearance for Substitution, Additional, or Amicus Counsel form provided on the Court's website.

Counsel of record must be admitted to the bar of this Court or be otherwise eligible to argue an appeal. The Court requires written *pro hac vice* motions filed before filing the notice of appearance. Admission *pro hac vice* will be extended as a matter of course to a member of the bar of a district court within the circuit who has represented a criminal defendant at trial and continues representation on an appeal taken pursuant to the Criminal Justice Act. *See* Local Rule 46.1(d)(1). Counsel, however, are encouraged to apply for general admission to this Court as soon as they meet the qualifications.

An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case. An attorney and any pro se party who is permitted to file document electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. Notification is made by accessing PACER's Manage My Account, https://pacer.psc.uscourts.gov/pscof/login.jsf. The Court's records will update with 1 business day of a user entering the change in PACER. In addition, if the Filing User has an open case, letter notification of the change must be sent to the Court, directly to the open case.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

For information concerning attorney admissions and renewals, visit the Court's website at www.ca2.uscourts.gov or contact Admissions in the Clerk's Office at 212-857-8603 or 212-857-8640.

Revised August 2016

# ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title:______________________________ Docket No.:______________

Lead Counsel of Record (name/firm) or Pro se Party (name):______________________________

Appearance for (party/designation): none

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
( ) Correct
( ) Incorrect. See attached caption page with corrections.

**Appellate Designation** is:
( ) Correct
( ) Incorrect. The following parties do not wish to participate in this appeal:
Parties: ______________________________
( ) Incorrect. Please change the following parties' designations:
Party Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
( ) Correct
( ) Incorrect or Incomplete. As an e-filer, I have updated my contact information in the PACER "Manage My Account" screen.

Name:______________________________
Firm:______________________________
Address:______________________________
Telephone:______________________________ Fax:______________________________
Email:______________________________

## RELATED CASES

( ) This case has not been before this Court previously.
( ) This case has been before this Court previously. The short title, docket number, and citation are:______________________________

( ) Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers, and citations are: ______________________________

## CERTIFICATION

I certify that ( ) I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on ______________ OR that ( ) I applied for admission on ______________ or renewal on ______________. If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.
Signature of Lead Counsel of Record:______________________________
Type or Print Name:______________________________
OR
Signature of pro se litigant: ______________________________
Type or Print Name:______________________________
( ) I am a pro se litigant who is not an attorney.
( ) I am an incarcerated pro se litigant.

# ADDENDUM A TO ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Instructions: This addendum must be (1) completed by counsel whom the Court has not yet admitted or approved for renewed admission, (2) submitted in CM/ECF as a separate attachment when filing the Acknowledgment and Notice of Appearance (use the multiple attachments option in CM/ECF when filing the Acknowledgment and Notice of Appearance) with client personal contact information redacted, and (3) submitted in unredacted form in accordance with the procedures outlined in Local Rule 25.2(c) and (d). If counsel represents multiple parties in the same appeal for which the Acknowledgment and Notice of Appearance is being filed, the attorney must separately list each client and provide the client's personal contact information. Attach additional pages as necessary.

Case Information:

Short Title:________________________ Docket Number:________________________

Personal Contact Information:

Client 1:

Name:________________________
Address:________________________
Telephone:________________________ Fax:________________________
Email:________________________

Client 2:

Name:________________________
Address:________________________
Telephone:________________________ Fax:________________________
Email:________________________

Client 3:

Name:________________________
Address:________________________
Telephone:________________________ Fax:________________________
Email:________________________

Client 4:

Name:________________________
Address:________________________
Telephone:________________________ Fax:________________________
Email:________________________

Client 5:

Name:________________________
Address:________________________
Telephone:________________________ Fax:________________________
Email:________________________

# HOW TO APPEAL A CIVIL CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## TABLE OF CONTENTS


NOTICE .......... 1
INTRODUCTION .......... 1
NOTICE OF APPEAL .......... 1
BANKRUPTCY APPEALS .......... 2
PERMISSION TO APPEAL .......... 2
DOCKET FEE .......... 2
CAPTION .......... 3
ACKNOWLEDGMENT AND NOTICE OF APPEARANCE .......... 3
ADMISSION TO PRACTICE BEFORE THE SECOND CIRCUIT .......... 4
REPRESENTATION OF A CORPORATION .......... 4
EXPEDITED APPEALS CALENDAR .......... 4
CIVIL APPEAL PRE-ARGUMENT STATEMENT .......... 4
CIVILAPPEALS MANAGEMENT PLAN (CAMP) .......... 4
THE TRANSCRIPT (FRAP 10(b)) .......... 5
PAYMENT FOR THE TRANSCRIPT (FRAP 10(b)(4)) .......... 5
RECEIPT OF THE TRANSCRIPT AND NOTIFICATION OBLIGATIONS .......... 6
EXHIBITS .......... 6
THE RECORD .......... 6
BRIEFING SCHEDULE .......... 7
BRIEF AND APPENDIX .......... 8
*FORM OF BRIEF AND APPENDIX* .......... 8
The Brief .......... 9
The Appendix .......... 9
*SPECIAL APPENDIX* .......... 9
BOND AND SURETY .......... 10
MOTIONS .......... 10
MOTION FOR A STAY .......... 11
PRIVACY NOTICE .......... 11
PROOF OF SERVICE .......... 11
FAILURE TO FILE .......... 12
DOCUMENTS UNDER SEAL .......... 12
ORAL ARGUMENT .......... 12
PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION .......... 13
COSTS .......... 13
ISSUANCE OF MANDATE .......... 14
PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT .......... 14
UNITED STATES TAX COURT APPEAL .......... 15
APPEALS CLERKS IN THE DISTRICT COURTS .......... 15
SECOND CIRCUIT CLERK'S OFFICE .......... 15

Rev. 07-17

## NOTICE

*Case Management/Electronic Case Filing ("CM/ECF")*

**In all cases with a docket number beginning with "10-" or greater, all counsel who appear in a case before this Court must electronically file documents in CM/ECF. See LR 25.1. Every counsel admitted to practice in this Court must be registered as a filing user in CM/ECF. See id.**

## INTRODUCTION

These instructions are provided to alert counsel and pro se litigants to particular aspects of this Court's practice. The instructions must be read together with the Federal Rules of Appellate Procedure (FRAP), this Court's Local Rules (LRs) and Internal Operation Procedures (IOPs), and applicable statutes and case law. FRAP, the LRs and IOPs, and all relevant Court forms, including a notice of appeal, are posted on the Court's website www.ca2.uscourts.gov.

## NOTICE OF APPEAL

A party who wishes to appeal a district court's final decision or an interlocutory order specified in 28 U.S.C. §1292(a) can obtain a Notice of Appeal form from the district court and must file the Notice of Appeal in the district court within 30 days after the entry of the judgment or order being appealed. When the United States or its officer or agency is a party, the notice of appeal must be filed by any party within 60 days after the entry of the judgment or order being appealed.

If a party files one of the following motions in district court, and does so within the time allowed by those rules, the time to file an appeal runs from the entry of the order determining the last of the motions:

- for judgment under Fed. R. Civ. P. 50(b);
- to amend or make additional factual findings under Fed. R. Civ. P. 52(b);
- for attorney's fees under Fed. R. Civ. P. 54 if the district court extends the time to appeal under Fed. R. Civ. P. 58;
- to alter or amend the judgment under Fed. R. Civ. P. 59;
- for a new trial under Fed. R. Civ. P. 59;
- for relief under Fed. R. Civ. P. 60 if the motion is filed no more than 28 days after the judgment is entered.

A party must promptly notify this Court when the party has filed one of the above motions in the district court. Within 14 days of the district court disposing of the last of any of the above motions, the party who filed the motion(s) must notify this Court that the district court has acted on the motion(s).

A Notice of Appeal filed after the decision or order is announced but before it is entered is treated as filed on the day of entry. A Notice of Appeal filed after the entry of judgment but before the last of the motions described above is decided is treated as filed when the order determining the last of the motions is entered. FRAP 4(a)(4).

A party that seeks to challenge an order determining a motion listed above must file the notice of appeal, or an amended notice of appeal, in compliance with FRAP 3(c). The time to file runs from the entry of the order deciding the last of the motions listed above.

**Only the district court can extend the time to file a notice of appeal. The circumstances when an extension can be granted are set forth in FRAP 4(a)(5) and 4(a)(6).**

## BANKRUPTCY APPEALS

If a party files a timely motion for rehearing under Bankruptcy Rule 8015, the time to file an appeal runs from the entry of the order determining the motion. A party must promptly notify this Court when the party has filed this motion in the district court. LR 4.2. Within 14 days of the district court disposing of the motion, the party who filed the motion must notify this Court that the district court has acted on the motion. Id.

A notice of appeal filed after the decision or order is announced but before it is entered is treated as filed on the day of entry. A notice of appeal filed after the entry of judgment but before a motion described above is decided is treated as filed when the order determining the motion is entered. FRAP 6(b)(2).

## PERMISSION TO APPEAL

On occasion a district judge may issue an otherwise unappealable order in which the judge states that a controlling question of law exists as to which there is a substantial ground for a difference of opinion and an immediate appeal from the order may materially advance the outcome of the case. Upon a motion from a party made within 10 days of the date of the district court order, the Court of Appeals, as an exercise of discretion, may permit the appeal. See 28 U.S.C. § 1292(b).

The requirements for filing the application are set forth in FRAP 5. The filing of the application with the Court of Appeals does not stay the proceedings in the district court unless the district judge so orders.

To file a petition for permission to appeal an order granting or denying class certification, please refer to Fed. R. Civ. P. 23(f).

## DOCKET FEE

The appellant must pay the $500 docket fee, plus $5.00 processing fee, to the district court clerk when the Notice of Appeal is filed.

An appellant who cannot afford to pay the fee must file in the district court a motion for "in forma pauperis"("IFP") status unless the district court already permitted the defendant to proceed IFP in that court and has not revoked that status. See 28 U.S.C. §1915; FRAP 24.

The motion for IFP must include (1) the Court's T-1080 Motion Information Statement (see **Motions**, below), (2) a statement explaining the merits of the appeal, and (3) a completed FRAP Form 4

(Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis). See FRAP 24(a); LR 24.1; LR 27.1 (a)(1), (2). The motion must be served on all other parties in the case, and a proof of service form must be submitted with the motion. The motion papers must be typed or legibly printed.

Within 14 days of the filing of the notice of appeal, if the fee has not been paid, an appellant must (1) move for IFP status in the district court; (2) move for IFP status in the Court of Appeals if the district court has denied or withdrawn IFP status; or, (3) notify the Court of Appeals that the appellant will make a motion for IFP status within 30 days of the service of notice that the district court has denied a pending request for IFP status. **If the appellant does not take any of these actions, the Court of Appeals may dismiss the case.**

A motion for IFP status must include a statement that identifies each issue to be raised on appeal and with respect to each issue, the facts and reasons that demonstrate the issue's merit. If the appellant fails to file the statement or if the Court determines that the appeal is frivolous, the appeal may be dismissed. LR 24.1.

If the appeal is dismissed or denied, the docket fee will not be refunded to appellant.

## CAPTION

Upon receipt of the notice of appeal and the district court docket sheet, the circuit clerk will docket the appeal under the title of the district court action, identify the appellant, and add the appellant's name, if necessary. See FRAP 12. A party can seek to provide necessary corrections to the caption on the Acknowledgment and Notice of Appearance.

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

An Acknowledgment and Notice of Appearance must be filed by all parties within 14 days of receiving the Court's docketing notice. Timely submission of the Acknowledgment and Notice of Appearance will constitute compliance with the requirement to file a FRAP 12(b) Representation Statement. In counseled cases only an attorney whose admission to this Court's bar is current or an attorney with an admission or renewal application pending may file a Notice of Appearance. A pro se party must provide all applicable information on the Acknowledgment and Notice of Appearance form.

If an attorney other than the originally designated lead counsel of record wishes to appear in a case for any reason, that attorney must file a Notice of Appearance of Substitute, Additional, or Amicus Counsel. When an attorney seeks to substitute for the lead counsel of record, the Court will recognize the new attorney as the lead only after the original lead counsel of record files with the Court a letter stating that new lead counsel is about to enter the case.

An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case. An attorney and any pro se party who is permitted to file documents electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

## ADMISSION TO PRACTICE BEFORE THE SECOND CIRCUIT

Counsel of record and additional counsel participating in any aspect of the case must be admitted to this Court's bar and keep that admission current in accordance with the Court's procedures. A renewal extends admission for five years. Admission *pro hac vice* will be granted to a member of the bar of a district court who is acting for a party proceeding IFP or who can demonstrate exceptional circumstances justifying admission for the particular case. A written motion to proceed *pro hac vice* must be filed before the Notice of Appearance is filed. For forms and information on admission to practice before this Court, visit the Court's website. See LR 46.1.

## REPRESENTATION OF A CORPORATION

A party that is a corporation must be represented by counsel in order to appear in this Court. See 28 U.S.C. § 1654; Berrio v. New York City Housing Authority, 564 F.3d 130, 132-133 (2d Cir. 2009) (applying even in the case of closely held corporations and corporations with a single owner).

## EXPEDITED APPEALS CALENDAR

The Court maintains an Expedited Appeals Calendar ("XAC") to facilitate the prompt determination of appeals from district court orders that dismiss a complaint for (a) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (b) failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6); or (c) filing a frivolous complaint, or for any other ground specified in 28 U.S.C. §1915(e)(2). If the order being appealed cites at least one of these grounds for dismissal, the parties must so identify the case by checking the appropriate box on Form C. The Clerk notifies the parties when an appeal is placed on the XAC and sets the briefing schedule for all parties as follows: 35 days from the date of the Clerk's notification for the appellant's brief, 35 days from the date after the filing of the last appellant's brief for the appellee, and 14 days from the filing of the last appellee's brief for the reply. A request to extend the briefing time is disfavored and is governed by LR 27.1.

## CIVIL APPEAL PRE-ARGUMENT STATEMENT

A counseled appellant taking a civil appeal from the district court or Tax Court must file a Civil Appeal Pre-Argument Statement, Form C, with the circuit clerk within 14 days after filing the notice of appeal or petition for review or the entry of an order granting permission to appeal pursuant to FRAP 5. A counseled appellant whose appeal qualifies as a matter appropriate for the Expedited Appeals Calendar under LR 31.2(b) must ensure the appropriate box is checked on Form C to indicate the type of order being appealed. The form is available on the Court's website.

## CIVIL APPEALS MANAGEMENT PLAN (CAMP)

The Civil Appeals Management Plan (CAMP) is the Court's program for exploring settlement in all civil appeals except cases in which at least one party appears pro se, petitions for a writ of mandamus

or prohibition, habeas corpus cases, and proceedings brought to collaterally challenge a sentence imposed in a federal court under 28 U.S.C. § 2255.

After the appeal is docketed, the clerk refers the case to the CAMP office for the scheduling of a settlement conference.

The conference takes place in the CAMP office or by telephone. Counsel must consult with the client in advance of the conference and obtain as much authority as possible to settle the case. Counsel's appearance at the conference is required, and counsel must be prepared to discuss the legal, factual, and procedural issues in depth. An attorney or client who fails to participate in the conference process in good faith may be sanctioned by the Court. LR 33.1.

During the pendency of the CAMP proceedings the parties remain obligated to meet Court deadlines, including the filing of briefs and appendices.

If the parties enter into a stipulation to withdraw the appeal without prejudice to reinstatement, the stipulation must state the terms of reinstatement, including the date by which reinstatement must occur. Dismissal under the stipulation is effective when the stipulation is "so ordered" by the Court. If the case is not reinstated by the date specified in the stipulation, the mandate in the case will issue forthwith and jurisdiction of the case will revert to the district court. LR 42.1.

Information shared during the CAMP proceeding is confidential and is not included in Court files or disclosed to the circuit judges, except to the extent disclosed by an order entered as a result of a CAMP proceeding.

At the conclusion of the CAMP proceeding, counsel for each party must complete an anonymous Post-Conference Survey and submit it to the Court's Director of Legal Affairs. The form is available on the Court's website.

## THE TRANSCRIPT

No later than 14 days after filing the Notice of Appeal an appellant must either order the transcript of proceedings necessary for the appeal or file with the circuit clerk a certificate stating that no transcript will be ordered. FRAP 10(b).

If the transcript of the trial or other proceedings, or a portion thereof, is necessary for the appeal, it must be ordered at the earliest possible moment. The transcript can be ordered as early as during the trial court proceedings but not later than 14 days after the filing of the Notice of Appeal. To order transcripts, an appellant must complete the Civil Appeal Transcript Information Form D which can be found on the Court's website. The appellant must forward a copy of Form D to the court reporter and file the original with the circuit clerk no later than 14 days after filing the Notice of Appeal. LR 12.1(a)(2). If the appellant does not intend to order a transcript, the appellant must check the appropriate box on Form D and file Form D with the Court no later than 14 days after the filing of the Notice of Appeal. A pro se appellant must use Form D-P in place of Form D.

## PAYMENT FOR THE TRANSCRIPT

At the time of ordering the transcript, satisfactory arrangements must be made with the reporter for payment of the transcript. The completed Civil Appeal Transcript Information Form D or Form D-P must

be presented to the court reporter who recorded the trial transcripts. At the time of ordering the transcript, counsel must establish a mutually agreeable arrangement with the court reporter for payment since the court reporter generally will not begin transcribing until payment terms are established. It is important that the dates on Form D or Form D-P reflect the exact dates of the required transcripts.

All necessary transcripts have been placed on order once Form D or Form D-P is filed. Any amendment, correction, or supplement to the initial transcript order must be submitted in writing to the court reporter with a copy forwarded to the Court of Appeals and to the district court clerk. Absent extraordinary circumstances, the Court may impose sanctions for subsequent delays for failing to order all necessary transcript(s) in a timely manner.

If appellant orders less than the entire transcript of proceedings, within 14 days after filing the Notice of Appeal, appellant must file with the circuit clerk and serve on appellee the certificate or transcript order and a statement of the issues appellant intends to raise on appeal. If the appellee considers it necessary to have a transcript of additional proceedings, the appellee must advise the appellant within 14 days after the service of appellant's statement. If the appellant does not order the additional transcripts within 14 days of receiving the appellee's statement, the appellee may either order the additional transcripts or move in the district court for an order requiring the appellant to do so. See FRAP 10(b)(3).

## RECEIPT OF THE TRANSCRIPT AND NOTIFICATION OBLIGATIONS

If the appellant has not received the transcript within 30 days of the date the transcript was requested, the appellant must inform the Court of Appeals in writing and explain all efforts the appellant has made to obtain the transcript. Thereafter, the appellant is required to update the Court in writing in 14-day intervals about the status of the transcript until the transcript has been completed. During this time the Clerk's Office will attempt to facilitate delivery of the transcript.

## EXHIBITS

The district court clerk retains any non-designated exhibits unless this Court or a party's counsel directs otherwise. See FRAP 11(b)(2). A party having possession of an exhibit offered or admitted in the district court but not filed with the district clerk must retain custody of the exhibit until this Court issues its mandate. See LR 11.2. The party that has custody of the exhibit must make it available if requested by the Court or a party. See LR 11.2.

## THE RECORD

The record on appeal consists of all of the lower court documents including transcripts. For counseled civil appeals the Court of Appeals generally requests that only the index of the record be filed; the documents that constitute the record remain in the district court until needed. The appellant must do whatever is necessary to enable the district court clerk to assemble and forward the index of the record to the Court of Appeals within 14 days of filing of the notice of appeal. The appellant's counsel must ensure that the district court has a complete index. Receipt from the district court of a certified copy of the index will satisfy the requirement to file the record unless the Court of Appeals directs otherwise. If the Court of Appeals requires the entire record or any portion thereof, counsel must timely prepare the record so that it can be transmitted to the Court. See FRAP 10, 11, LR 11.1.

An appellant may proceed on the original record in proceedings conducted IFP and in Social Security cases. In pro se cases, the district court will prepare and forward the record.

**The Court ordinarily does not grant a motion to extend time to file the record.**

## BRIEFING SCHEDULE

Except for cases assigned to the Expedited Appeals Calendar under LR 31.2(b), within 14 days of the date the appellant receives the completed transcript or the date the appellant is required to file the certificate on Form D or Form D-P indicating that no transcript will be ordered, the appellant must notify the Court in writing of the date by which the appellant's brief will be filed. Unless the case involves a voluminous transcript, the appellant must select a filing date that is within 91 days of receipt of the completed transcript. Appellant's proposed filing date will be so-ordered unless the Court determines the selected filing date is unacceptable. See LR 31.2(a)(1). **In a counseled civil appeal, when the Court orders an appellant's briefing deadline pursuant to a scheduling notification, the order will specify that the appeal is dismissed effective the due date if the brief is not filed by that date. A motion to extend the time to file the brief or to seek other relief will not toll the previously ordered filing date. See LR 27.1(f)(1); cf. RLI Insurance Co. v. JDJ Marine, Inc., 716 F.3d 41, 43-45 (2d Cir. 2013). If a case is dismissed for failure to timely file a brief, a party who moves to reinstate the appeal must file the motion within 14 days of the date of the order dismissing the appeal and must attach the party's brief as an exhibit to the motion. See LR 27.1(i).**

Within 14 days of filing of appellant's brief or the last appellant's brief in a multi-defendant appeal, the appellee must notify the Court in writing of the date by which the appellee's brief will be filed. Unless the case involves a voluminous transcript, the appellee must select a filing date that is within 91 days of filing of the last appellant's brief. Appellee's proposed filing date will be so-ordered unless the Court determines the selected filing date is unacceptable. See LR 31.2(a)(2). **In a counseled civil appeal, when the Court orders an appellee's briefing deadline pursuant to a scheduling notification, the order will specify that the appeal will proceed to a merits panel for determination forthwith if the brief is not filed by the due date. Appellee will be required to file a motion for permission to file the brief and appear at oral argument. A motion to extend the time to file the brief or to seek other relief will not toll the previously ordered filing date. See LR 27.1(f)(1); cf. RLI Insurance Co., 716 F.3d at 43-45.**

If a cross-appeal has been filed, within 14 days of filing of the last cross-appellant's brief, the appellant-cross-appellee must notify the Court in writing of the date by which the appellant-cross-appellee's response brief will be due. The appellant-cross-appellee must select a filing date that is within 60 days of filing of the last cross-appellant's brief.

Absent extraordinary circumstances, an appellant's failure to submit a scheduling letter will result in a briefing deadline of 40 days from the date the completed transcript is received. An appellee's or appellant-cross-appellee's failure to submit a scheduling letter will result in a briefing deadline of 30 days from the date the last appellant's or cross-appellant's brief is filed. If a reply brief is filed, it must be served and filed within 14 days after service of the last appellee's brief (or cross-appellee's brief if a cross-appeal has been filed) but not less than 7 days before argument unless the Court allows a later filing. See LR 31.2(a)(2).

A party's filing of a potentially dispositive motion, a motion for IFP status, or a FRAP 42 stipulation for dismissal without prejudice at any time prior to one of the briefing schedule deadlines set

forth above tolls the time period for the filing of scheduling notifications and briefs until the Court decides the motion or the case is reinstated.

For cases assigned to the Expedited Appeals Calendar under LR 31.2(b), the appellant's brief is due 35 days after the clerk notifies the parties that the case has been placed on the Expedited Appeals Calendar. The appellee's brief is due 35 days after the filing of the last appellant's brief. See LR 31.2(b)(3).

**An extension of time to file a brief will not be granted in the absence of a most extraordinary circumstance.**

## BRIEF AND APPENDIX

*FORM OF BRIEF AND APPENDIX*

**The Brief**

The brief sets forth the legal argument of the case and must comply with FRAP 28, 28.1, 29, 32, and 32.1 and LRs 25.1, 31.1, and 32.1, as each rule may be applicable.

A principal brief must not exceed 30 pages or 14,000 words. If monospaced typeface, it must not exceed 1300 lines of text. Monospaced typeface, such as "Courier," must not contain more than 10½ characters per inch. Proportionally spaced typeface such as "Times New Roman" must be 14-point or larger. Text and footnotes in a pamphlet brief must be in 12-point or larger type with 2 points or more leading between the lines: printers should be familiar with these standards.

A reply brief must not exceed 15 pages or half the type-volume (i.e., numbered words or lines) permitted in a principal brief. Headings, footnotes, and quotations count toward word and line limitations.

The filer must certify the number of words or lines in a certificate of compliance which is included in the brief.

The corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and any certificates of compliance do not count toward the type-volume limitation. See FRAP 32.

A brief must be legible.

A brief in pamphlet size will be accepted in this Court and must conform to FRAP 32(a).

The appellant's brief must also contain (see FRAP 28):

- A table of contents, with page references;
- An alphabetically arranged table of cases, statutes, and other authorities cited with references to pages in the brief;
- A statement of subject matter and appellate jurisdiction, the filing dates establishing timeliness of the appeal, and an assertion that the appeal is from a final order or judgment or that some other basis exists for appellate jurisdiction;
- A statement of the issues presented;
- A concise statement of the case that (a) includes at the beginning of the section (1) a description of the nature of the case and the relevant procedural history, (2) identification of

the judge or agency official who rendered the decision being appealed, (3) the disposition below, and (4) citation to the decision or supporting opinion, if reported, see LR 28.1(b), and (b) sets out the facts relevant to the issues submitted for review, with references to the record;

- A summary of argument;
- An argument;
- A short conclusion stating the precise relief sought;
- Proof of service unless filed electronically in accordance with LR 25.1; and
- A Certificate of Compliance bound at the back of the brief when a principal brief exceeds 30 pages or a reply brief exceeds 15 pages, see FRAP 32(a)(7)(C).

The following colors for brief covers must be used:

- Appellant – Blue
- Appellee – Red
- Reply – Gray
- Intervenor or Amicus – Green
- Supplemental - Tan

The caption on the covers of the briefs and appendices must conform to this Court's "official caption." If this Court's official caption is erroneous, counsel must alert the Court promptly in writing but in no event later than 7 days prior to the due date for the appellant's brief.

**A motion for leave to file an oversized brief must, in the absence of extraordinary circumstances, be made at least 14 days before the brief's due date. A motion for leave to extend the time to file a brief must be made as soon as practicable after an extraordinary circumstance arises.**

**<u>The Appendix</u>**

The appendix must comply with FRAP 30 and LR 30.1. It should contain from the record on appeal all material cited in the briefs or required by the Court to be included. Such material includes the following:

- the relevant docket entries in the district court proceedings;
- any relevant portions of the pleadings, charge, findings, or opinion;
- the judgment, order, or decision being appealed; and
- any other parts of the record to which the parties wish to direct the particular attention of the Court.

Only those parts of the record necessary to illustrate the legal argument should be included in the appendix. The omission of part of the record from the appendix will not preclude the parties or the Court from relying on such parts since the record is available to the Court if needed. <u>See</u> FRAP 30(a)(1).

Only material that is part of the record on appeal may be included in the appendix.

*SPECIAL APPENDIX*

The parties must file a Special Appendix if the appendix, exclusive of the orders, opinions and judgments being appealed, exceeds 300 pages. The Special Appendix must contain (1) the orders, opinions, and judgments being appealed and (2) the text, with appropriate citation, of any significant rule

of law, including any constitution provision, treaty, statute, ordinance, regulation, rule or sentencing guideline. The Special Appendix may be an addendum at the end of a brief or a separately bound volume designated "Special Appendix." See LR 32.1.

**If an attorney's failure to file a brief or appendix results in a default or dismissal of the appeal, this Court may discipline the attorney.**

## BOND AND SURETY

The district court may require an appellant to file a bond or provide other security to ensure payment of costs on appeal. If the district court issues such an order, each surety submits to the jurisdiction of the district court and appoints the district clerk as the surety's agent for purposes of accepting service of any documents that affect the surety's liability on the bond or other undertaking. See FRAP 7, 8(b).

## MOTIONS

All requests to the Court - for example, permission to file an oversized brief - must be made in the form of a motion that complies with FRAP 27, LR 27.1, and any other applicable rule or statute. The Court requires a motion to be accompanied by the Court's Form T-1080 Motion Information Statement. In a case in which all parties are represented by counsel, the moving party's motion must indicate (1) that the movant has notified opposing counsel or why the movant could not do so; (2) opposing counsel's position on the relief requested, and (3) whether opposing counsel intends to file a response to the motion.

An affidavit or attorney's affirmation that contains only factual information must be filed with the motion. The movant may file a memorandum of law that complies with LR 27.1(a)(3).

A moving party seeking substantive relief from a lower court opinion or agency decision must attach a copy of the opinion or decision and any written decision as a separately identified exhibit. For cases in which a party does not file documents electronically with the Court, a movant must file only an original of the motion. If the motion exceeds 50 pages, the movant must also submit 3 additional paper copies of the motion to the Court. Proof of service on all other parties to the action must accompany the motion papers unless the motion is filed electronically in accordance with LR 25.1.

Papers in response to a motion must be served and filed within 10 days of service in person or by email, or within 13 days of service by mail. For cases in which the Court does not require electronic filing of documents, an adverse party must file only an original of the responsive papers. If the response exceeds 50 pages, the respondent must also submit 3 additional paper copies of the response. A substantive motion requiring oral argument is usually heard on Tuesdays when the Court is in session.

Procedural motions (for example, an extension of time to file a document or permission to file an oversized brief), will not be placed on a motions calendar and need not be noticed for a particular date. Since papers usually are not filed in opposition to procedural motions, the Court does not wait for such papers to determine the motion. As a result, opposition papers should be filed promptly to ensure that the Court considers them. In some instances the Court may request the filing of opposition papers. In that event the opposition papers should be filed in accordance with the deadline set by the Court.

Certain routine procedural motions are determined by the clerk or the clerk's designee acting under the clerk's authority. Other procedural motions are referred to the applications judge. Upon counsel's request for reconsideration, a clerk's order may be resubmitted to a judge for determination.

Once a case is assigned a date for oral argument, all motions filed in that case, including any procedural motions, will be referred to the panel that will hear the appeal. To maintain the anonymity of the panel, a motion decided by the panel is signed by the clerk or the clerk's designee.

## MOTION FOR A STAY

A party seeking to stay the judgment or order being appealed for the pendency of the appeal ordinarily must make that motion first in the district court. The motion may be made first to the Court of Appeals if the movant demonstrates that moving first in the district court would be impracticable or the district court denied the motion or otherwise failed to afford the relief requested. The movant must state the reasons the district court gave for its action, if any. In addition, the motion must include the reasons for granting the relief requested, the facts upon which movant relies, affidavits supporting the facts subject to dispute, and relevant parts of the record. See FRAP 8.

## PRIVACY NOTICE

Unless the Court orders otherwise, any submission to the Court must not include an individual's social security number, taxpayer identification number, or birth date; the name of an individual known to be a minor; or a financial account number except as permitted in Fed. R. Civ. P. 5.2(a) and (b) or Fed. R. Bankr. P. 9037.

## PROOF OF SERVICE

All papers filed in the Court of Appeals must be served on the other parties in the case. See FRAP 25. The PDF version of a document must be emailed to a party represented by counsel and to a party not represented by counsel if the pro se party has chosen to submit documents in PDF.

All such papers presented for filing must contain an acknowledgment of service by the person(s) served or proof of service by the person who made the service. The acknowledgment or proof must be in the form of a certified statement of the date and manner of service, the name of each person served, and the mail address, email address, facsimile number, or place of delivery used for service. An acknowledgment and proof of service form can be found on the website. If, however, a party is filing a document electronically with the Court in accordance with LR 25.1, no separate proof of service is necessary. See LR 25.1(h)(2).

A pro se litigant who does not submit documents in PDF must be served with hard copies of documents by mail or in person.

## FAILURE TO FILE

If a counseled or pro se appellant or petitioner fails to file a form, brief, appendix, or document, or otherwise fails to act, by the date set in FRAP, a LR, or a Court order, that party will be deemed in default. The Court will issue an order that sets a firm dismissal date to occur if the default is not cured within a specified time frame. Once the case is dismissed, the Court will view a motion to reinstate unfavorably unless the Court finds that extraordinary reasons explain the default. A party that files a motion to reinstate the appeal following dismissal for failure to file a brief on time must do so within 14 days of the date of the order dismissing the appeal. The motion to reinstate must include the party's brief as an exhibit to the motion. See LR 27.1(I).

## DOCUMENTS UNDER SEAL

On rare occasions a document will be placed "under seal" so that it is not publicly available. A paper that has been sealed in the district court will remain under seal in the Court of Appeals if received as part of the record. A document that was not sealed in the district court will not be sealed in the Court of Appeals without a Court order. A party wishing to file a paper under seal with the Court of Appeals must make a written motion. An informal request to seal a document will not be entertained. All papers submitted to the Court pursuant to a sealing order must be submitted in a sealed envelope, marked **SEALED**, with a copy of the order placing the document under seal attached to the envelope. One set of the sealed papers, must be filed in addition to the number of copies required by court rule - for example, six copies of briefs plus one additional copy, three copies of motion papers plus one additional copy.

A party must not file a sealed document electronically in CM/ECF, but within 7 days after filing a sealed document, the party must file a redacted version of the document electronically on the docket unless the Court orders otherwise. See LR 25.1(j)(2).

## ORAL ARGUMENT

Within 14 days after the final appellee's brief is filed, each party must advise the Court whether it seeks oral argument by filing an Oral Argument Statement Form which is available on the Court's website. Failure to timely file the Oral Argument Statement Form signifies that the party does not seek oral argument. See LR 34.1.

On occasion the Court may decide to take a case on submission, without oral argument. When the Court so decides, the clerk will notify the parties. See FRAP 34(a)(2), LR 34.1.

When an appeal is set for argument, the Court will notify counsel 2 to 4 weeks prior to the argument date. Occasionally the notification time may be shorter especially if the appeal has been expedited on motion of the parties. **Once a case has been assigned a date for oral argument, an adjournment is rarely granted.**

An appeal is heard by a three-judge panel of the Court. The names of the judges are made public at noon on Thursday of the week before the panel sits. From the third week in August through June, the Court generally sits every weekday but not on a holiday or during the last week of December. In July and the first two weeks of August, the Court holds argument as needed.

Currently the Court hears argument in Courtroom 1703 of the Thurgood Marshall U.S. Courthouse at 40 Centre Street, New York City. Occasionally the Court will hear argument at another location within the Circuit. Oral argument usually starts at 10:00 a.m. and continues until completion. During certain weeks the Court has double panels with the second panel hearing argument simultaneously in Courtroom 1505 of the Thurgood Marshall U.S. Courthouse. Notice of changes in the date, time, or location of a Court session is posted on the website.

The Court sets the amount of argument time for each case that will be heard. Arguments are generally limited to 10 minutes or less per side. Additional time may be granted in complex or multi-party cases. An audio recording of oral argument is available on the Court's website.

## PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION

When the Court issues (1) an opinion pursuant to which a final judgment is entered or (2) a summary order and judgment disposing of the appeal, a party may wish to apply for a rehearing. There are two kinds of rehearing. A petition for a panel rehearing requests that the panel of judges that originally heard the case reconsider its decision. A petition for a rehearing en banc requests that all the active judges on the Court rehear the case. A petition for panel rehearing and/or rehearing en banc must be filed within 14 days after the decision determining the case is filed. FRAP 35(c), 40(a)(1); LRs 35.1, 40.1. If a party is simultaneously filing a petition for rehearing and a petition for rehearing en banc, both requests must be made in a single document. When a petition for rehearing exceeds 50 pages, including the copy of the opinion or summary order to which the petition relates, the party filing the petition must submit 3 paper copies to the Court. If the petition for rehearing includes a petition for rehearing en banc, the party filing the petition must submit 15 paper copies to the Court. Submission of the paper copies is in addition to any applicable electronic filing requirements.

In some cases the Court may dispose of an appeal by a final three-judge order for which a FRAP 36 judgment is not entered. In these instances an adversely affected party may file a motion for panel reconsideration and a motion for reconsideration en banc. See LR 40.2. The motion must comply with the requirements for filing a petition for rehearing or rehearing en banc under FRAP 35, FRAP 40, and LRs 35.1 and 40.1. See id.

If the Court substantively amends a decision, the time for filing a petition or motion begins to run from the date the amended decision is entered. This recalculation of the time does not apply if the Court issues a decision making a non-substantive change (e.g., correcting a typographical error). Each petition or motion must include a copy of the opinion or summary order to which the petition or motion relates.

The timely filing of a petition for rehearing or a motion for panel reconsideration will stay the issuance of the mandate until disposition of the petition or motion unless otherwise ordered by the Court. If the petition or motion is denied, the mandate issues 7 days after the entry of the order denying the petition or motion unless the time is shortened or extended by order.

## COSTS

The prevailing party on appeal may assess costs incurred during the appeal against the losing party. If the Court affirms and reverses in part, modifies, or vacates a judgment, costs are assessed only as the Court may order. If the United States is a party, costs will be assessed only if authorized by law. See FRAP 39; LR 39.1.

Costs may be assessed for no more than the actual number of paper copies of the briefs and appendices filed with the Court under LRs 30.1 and 31.1. Costs may also be assessed for serving a party under LR 25.1(h)(4) if the party seeking costs attaches proof that the paper copy was served. See LR 39.1(a).

Costs are taxed at the following rates, or the actual cost, whichever is less, for reproduction of briefs and appendices:

- Reproduction per page: $0.20
- Covers: $125.00
- Binding per copy: $5.00

No other costs for briefs and appendices (e.g., costs for electronic filing, electronic file production and review, paralegal time, preparation of tables and footnotes) are permitted.

The Bill of Costs, verified, must be filed within 14 days after the entry of judgment. An original plus one copy must be filed with the Court. The bill also must be served on all parties.

Identify the number of copies that comprise the printer's unit. Include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page. Indicate only the number of necessary copies. State actual costs at rates not higher than those generally charged for printing services in New York, NY; excessive charges are subject to reduction.

The Bill of Costs form is available on the Court's website.

## ISSUANCE OF THE MANDATE

The issuance of the mandate terminates the Court of Appeals' jurisdiction over a case and transfers jurisdiction back to the district court. The mandate is a copy of the order or judgment that terminates the case with the word "Mandate" inscribed. There is no separate document. If no petition for rehearing is filed, the mandate will issue 21 days after the entry of the judgment except for cases in which the United States is a party. In that event the mandate will issue 52 days after the entry of the judgment. The mandate issues 7 days after entry of an order denying a timely petition for rehearing or sooner if so ordered by the Court. FRAP 41.

An appeal that is terminated upon the disposition of a motion ordinarily is mandated forthwith.

## PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT

A party seeking United States Supreme Court review of a Court of Appeals judgment or order must file a Petition for a Writ of Certiorari with the Supreme Court within 90 days from the date of the entry of judgment or denial of the petition for rehearing. The party may move to stay the mandate, pending application to the Supreme Court for a writ of certiorari. FRAP 41(d)(2).

## UNITED STATES TAX COURT APPEAL

The Court of Appeals considers the review of a decision of the United States Tax Court to be a civil appeal. See FRAP 13, 14.

## APPEALS CLERKS IN THE DISTRICT COURTS

An appeals clerk has been appointed in each district court's clerk's office to assist anyone who may have questions regarding the filing of appeal papers. The following list provides contact numbers/locations for the appeals clerks within the Second Circuit:

| | |
|---|---|
| District of Connecticut | 203-773-2140 |
| Northern District of New York | 315-234-8502 |
| Eastern District of New York | 718-260-2310 (Brooklyn, NY)<br>631-712-6030<br>or<br>631-712-6042 (Central Islip, NY) |
| Southern District of New York | 212-805-0636 (New York, NY)<br>914-390-4100 (White Plains, NY) |
| Western District of New York | 716-551-1700 (Buffalo, NY)<br>585-613-4000 (Rochester, NY) |
| District of Vermont | 802-951-6395 ext. 119 |

## SECOND CIRCUIT CLERK'S OFFICE

Any person with questions regarding appellate procedure in the Second Circuit should contact the Clerk's Office. Anyone with a case before this Court should speak with the Case Manager assigned to that matter. Set forth below are the relevant telephone numbers in the Second Circuit's Clerk's Office for use during the various stages of a civil appeal:

| | |
|---|---|
| Case Initiation (until issuance of docketing notice) | 212-857-8551 |
| Criminal Team | 212-857-8550 |
| Calendar Team | 212-857-8595 |
| Records | 212-857-8620 |
| Attorney Admissions | 212-857-8603 |
| CJA Administrator | 212-857-8664 |

# HOW TO APPEAL AS A PRO SE PARTY TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Rev. 08-22**

## INTRODUCTION

The Court has prepared materials to assist a pro se party who has a case pending in the Court. This document describes general information for pro se cases. In addition, there are instructions for each type of case that can be appealed - Civil, Criminal, Agency, and Prisoner Claims. Also, there are forms that a pro se party must submit to the Court to proceed with the appeal. The instructions and forms are available on the Court's website www.ca2.uscourts.gov. One copy of the Instructions and forms are sent by mail to the pro se party at the beginning of the case. Use these materials to prepare the appeal.

A pro se party is a person who is not represented by an attorney. An incorporated business, including a corporation held by one person, may not appear as a pro se party in this Court. A corporation must be represented by counsel in order to participate in an appeal.

If a lawyer files a case on his or her own behalf as a pro se matter, the Court will treat the case as a counseled appeal. Accordingly, the lawyer must seek admission to this Court, register as Filing User to file all documents electronically, and file an acknowledgment and notice of appearance.

Every person who files a case in this Court must follow the Federal Rules of Appellate Procedure ("FRAP"), the Court's Local Rules ("LR") and applicable statutes and case law. FRAP, the LRs, and all relevant Court forms are available on the Court's website www.ca2.uscourts.gov.

If a question arises in this case, first check the instructions. If the answer does not appear in the instructions, call the case manager assigned to your case. The name and contact information is on the docketing notice sent to each party at the beginning of the case.

## STARTING THE CASE

A pro se party appealing from a district court decision must file a notice of appeal and pay the docket fee or file for *in forma pauperis* ("IFP") status in the district court as described in the Instructions for the type of case being appealed. The pro se party is called the "appellant" in such matters.

A pro se party challenging an administrative agency final decision must file a petition for review and pay the docket fee or file for IFP status in the Court of Appeals, as described in the instructions for Agency cases. The pro se party is called the "petitioner" in such matters.

A pro se appellant or petitioner must file Form B or Form D-P. A pro se party does not file Form C or C-A, however, because a case that involves a pro se party is not eligible for the pre-argument mediation process known as CAMP.

In a case in which the appellant or petitioner is pro se, the district court clerk or agency files the record on appeal, including the transcript if required. Note that in an appeal from the district court decision, if the case requires a transcript and IFP status is not granted, the appellant must pay for the transcript.

Within 14 days of receiving the Court of Appeals docketing notice, a pro se party must file with the Court an Acknowledgment and Notice of Appearance Form according to the directions provided in the Instructions.

A pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case. A pro se party who is permitted to file documents electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

## PRO SE INMATE INSTITUTIONAL MAIL RULE

If a pro se party who is an inmate is confined in an institution that has a system designed for handling legal mail, a notice of appeal and any other paper the inmate may file with the Court and serve by mail on the adversary is timely if it is deposited in the institution's internal mail system on or before the last day for filing. In addition, the paper mailed to the Court and the adversary must either (1) include a notarized statement or declaration stating under penalty of perjury the date of deposit with the internal mail system and that first-class postage is being prepaid, or (2) bear evidence such as a postmark or date stamp showing the date of deposit and prepaid postage. If not provided, the Court in its discretion may permit the inmate to file the statement or declaration later. Form 7, Declaration of Inmate Filing, which suggests a form for the declaration, can be found on the Court's website.

## DISCLOSURE OF ATTORNEY ASSISTANCE

At any point during the case, a pro se party who submits a paper that an attorney has drafted in whole or substantial part must include at the beginning of the paper the following statement: "This document was drafted in whole, or substantial part, by an attorney." Unless the Court orders otherwise, the pro se party does not have to disclose the attorney's identity and address.

## PROCEDURES FOR FILING A BRIEF AND APPENDIX

Within 14 days after the appellant or petitioner receives the completed transcript or certifies that no transcript will be ordered in the case, the appellant must file with the Court a scheduling notification advising the Court when appellant or petitioner's brief and appendix will be filed. LR 31.2.

The instructions explain how to file the scheduling notification, prepare the brief and appendix, and file the documents with the Court.

It is important to file the brief and appendix by the date given in the scheduling notification. The Court does not grant requests to extend the time to file a brief or appendix unless the reason for the request is extraordinary.

## PROCEDURES TO REINSTATE AN APPEAL DISMISSED ON DEFAULT

An appeal may be dismissed by order if the appellant fails to file certain forms, a brief, or pay the required filing fee.

If an appeal is dismissed for failure to file Form B or D-P, a Notice of Appearance, or a Prisoner Authorization Form, the appellant must file a motion to reinstate the appeal. The completed form(s) and motion to reinstate must be filed by the date indicated on the order.

If the appeal is dismissed for failure to file a motion to proceed in forma pauperis or pay the filing fee, a certificate of appealability, or successive application, the appellant must file a motion to reinstate. The motion to reinstate and the completed motion or application must be filed by the date indicated on the order.

If the appeal is dismissed for failure to file a timely brief, the appellant must file a motion to reinstate the appeal. The motion to reinstate must include as an exhibit the brief and appendix that caused the default and must be filed within 14 days of the order dismissing the appeal. L.R. 27.1(i).

If the mandate has issued, the appellant must file a motion to recall the mandate and reinstate the appeal along with the completed form(s), motion(s), or application(s) that caused the default.

## PROCEDURES FOR ORAL ARGUMENT

Within 14 days after the last appellee or respondent's brief is filed, each party, including a pro se party, must file with the Court an Oral Argument Statement. LR 34.1(a).

The Court may choose to determine any case on the submission of the briefs, i.e., without oral argument. When the Court decides to hear an appeal on submission, the clerk informs the parties. Certain types of immigration appeals are routinely determined by the Court on submission of the briefs.

Each set of instructions explains the Court's practices regarding oral argument.

**PROCEDURES FOLLOWING THE COURT'S DECISION**

When the Court issues (1) an opinion pursuant to which a final judgment is entered or (2) a summary order and judgment disposing of the appeal, a party may file a petition asking that the panel of three judges rehear the case. A party also may file a petition for rehearing en banc which asks that all the active judges on the Court rehear the case.

When the Court disposes of an appeal by a final three-judge order without entry of a separate judgment, a party may file a motion for panel reconsideration and a motion for reconsideration en banc. See LR 40.2. The motion must comply with the requirements for filing a petition for rehearing or rehearing en banc.

Also, within 14 days after the Court files the decision in a case, the winning party may seek costs of bringing or defending the appeal against the losing party. If the United States is a party in the case, costs may be assessed only if authorized by law.

Within 90 after the Court files the judgment or denies a petition for rehearing, a party may file a petition for a writ of certiorari with the United States Supreme Court.

The Court's authority to handle a case, called jurisdiction, ends when the Court issues the mandate to the district court or agency. The mandate usually issues either 21 days (52 days in a civil case if the United States is a party) after the decision is filed or, if a petition for rehearing is filed, 7 days after the petition for rehearing is denied.

Each of these procedures is explained in the instructions.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# CIVIL APPEAL TRANSCRIPT INFORMATION (FORM D-P) FOR PRO SE APPELLANTS

A PRO SE APPELLANT MUST FILE THE ORIGINAL OF THIS FORM WITH THE CLERK OF THE SECOND CIRCUIT IN ALL CIVIL APPEALS WITHIN 14 CALENDAR DAYS AFTER FILING A NOTICE OF APPEAL.

| THIS SECTION MUST BE COMPLETED BY APPELLANT | | |
|---|---|---|
| CASE TITLE | DISTRICT | DOCKET NUMBER |
| | JUDGE | APPELLANT |
| | COURT REPORTER | PRO SE APPELLANT |

| | |
|---|---|
| Check the applicable provision:<br>☐ I am ordering a transcript.<br>☐ I am not ordering a transcript.<br>Reason for not ordering a transcript:<br>☐ Copy is already available<br>☐ No transcribed proceedings<br>☐ Other (Specify in the space below): | PROVIDE A DESCRIPTION, INCLUDING DATES, OF THE PROCEEDINGS FOR WHICH A TRANSCRIPT IS REQUIRED (*i.e.*, oral argument, order from the bench, etc.)<br><br>METHOD OF PAYMENT ☐ Funds ☐ CJA Voucher (CJA 21) |
| INSTRUCTIONS TO COURT REPORTER:<br>☐ PREPARE TRANSCRIPT OF PRE-TRIAL PROCEEDINGS<br>☐ PREPARE TRANSCRIPT OF TRIAL<br>☐ PREPARE TRANSCRIPT OF OTHER POST- TRIAL PROCEEDINGS<br>☐ OTHER (Specify in the space below): | DELIVER TRANSCRIPT TO: (APPELLANT'S NAME, ADDRESS, TELEPHONE) |

If a transcript is ordered, I certify that I have sent this form to the court reporter and have made satisfactory arrangements with the court reporter for payment of the cost of the transcript. *See* FRAP 10(b). I understand that unless I have already ordered the transcript, I shall order its preparation at the time required by FRAP and the Local Rules.

| APPELLANT'S SIGNATURE | DATE |
|---|---|
| | |

COURT REPORTER ACKNOWLEDGMENT: This section is to be completed by the court reporter. Return one copy to the Clerk of the Second Circuit.

| DATE ORDER RECEIVED | ESTIMATED COMPLETION DATE | ESTIMATED NUMBER OF PAGES |
|---|---|---|
| SIGNATURE OF COURT REPORTER | | DATE |

Revised June, 2017

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** ______________________ ______________ Caption [use short title] ______________

**Motion for:** ______________________

______________________

______________________

Set forth below precise, complete statement of relief sought:

______________________

______________________

______________________

______________________

______________________

______________________

**MOVING PARTY:** ______________________ **OPPOSING PARTY:** ______________________

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** ______________________ **OPPOSING ATTORNEY:** ______________________

[name of attorney, with firm, address, phone number and e-mail]

______________________ ______________________

______________________ ______________________

______________________ ______________________

Court- Judge/ Agency appealed from: ______________________

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☐ No (explain): ______________________

______________________

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: ______________________

______________________

______________________

______________________

______________________

Is oral argument on motion requested? ☐ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date: ______________________

**Signature of Moving Attorney:**

______________________ **Date:** ______________ Service by: ☐ CM/ECF ☐ Other [Attach proof of service]

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** ____________________ ____________________ Caption [use short title] ____________________

**Motion for:** ____________________

____________________

____________________

Set forth below precise, complete statement of relief sought:

____________________

____________________

____________________

____________________

____________________

____________________

**MOVING PARTY:** ____________________ **OPPOSING PARTY:** ____________________

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** ____________________ **OPPOSING ATTORNEY:** ____________________

[name of attorney, with firm, address, phone number and e-mail]

____________________ ____________________

____________________ ____________________

____________________ ____________________

Court- Judge/ Agency appealed from: ____________________

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☐ No (explain): ____________________

____________________

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: ____________________

____________________

____________________

____________________

____________________

Is oral argument on motion requested? ☐ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date: ____________________

**Signature of Moving Attorney:**

____________________ **Date:** ____________________ Service by: ☐ CM/ECF ☐ Other [Attach proof of service]

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

# MOTION INFORMATION STATEMENT

Docket Number(s): ______________________ ______________ Caption [use short title] ______________

Motion for: ______________________

______________________

______________________

Set forth below precise, complete statement of relief sought:

______________________

______________________

______________________

______________________

______________________

______________________

MOVING PARTY: ______________________ OPPOSING PARTY: ______________________

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

MOVING ATTORNEY: ______________________ OPPOSING ATTORNEY: ______________________

[name of attorney, with firm, address, phone number and e-mail]

______________________ ______________________

______________________ ______________________

______________________ ______________________

Court- Judge/ Agency appealed from: ______________________

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☐ No (explain): ______________________

______________________

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: ______________________

______________________

______________________

______________________

______________________

Is oral argument on motion requested? ☐ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date: ______________________

**Signature of Moving Attorney:**

______________________ **Date:** ______________ Service by: ☐ CM/ECF ☐ Other [Attach proof of service]

# UNITED STATES DISTRICT COURT
for the
_____________ DISTRICT OF _____________

| | | |
|---|---|---|
| _____________, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. ________ |
| _____________, | ) | |
| Defendant | ) | |

**AFFIDAVIT ACCOMPANYING MOTION**
**FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _____________________ | Date: _____________________ |

My issues on appeal are: _____________________________________________

_____________________________________________

_____________________________________________

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | $ | $ | $ | $ |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. *How much cash do you and your spouse have? $________*

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| **Financial Institution** | **Type of Account** | **Amount you have** | **Amount your spouse has** |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| **Home** | **Other real estate** | **Motor vehicle #1** |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| **Motor vehicle #2** | **Other assets** | **Other assets** |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| **Person owing you or your spouse money** | **Amount owed to you** | **Amount owed to your spouse** |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| **Name [or, if under 18, initials only]** | **Relationship** | **Age** |
|---|---|---|
| | | |
| | | |
| | | |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | **You** | **Your Spouse** |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included? ☐ Yes ☐ No<br>Is property insurance included? ☐ Yes ☐ No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ | $ |
| Life: | $ | $ |
| Health: | $ | $ |
| Motor vehicle: | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
| Motor Vehicle: | $ | $ |
| Credit card (name): | $ | $ |
| Department store (name): | $ | $ |
| Other: | $ | $ |

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☐ Yes ☐ No If yes, describe on an attached sheet.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☐ No

*If yes, how much?* $

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *State the city and state of your legal residence*

*Your daytime phone number:*

*Your age:* *Your years of schooling:*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## LOCAL RULE 24.1 STATEMENT

Provide a statement that identifies the relevant facts and makes a showing of likely merit as to each issue you intend to present on appeal.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

______________________________

v.

______________________________

## CERTIFICATE OF SERVICE*

Docket Number: ____________

I, ______________________________, hereby certify under penalty of perjury that
(print name)

on ______________________________, I served a copy of ______________________________
(date)

______________________________________________________________________________
(list all documents)

by (select all applicable)**

___ Personal Delivery
___ United States Mail
___ Federal Express or other Overnight Courier
___ Commercial Carrier
___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

______________________________ Today's Date

______________________________ Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

______________________________

v.

______________________________

## CERTIFICATE OF SERVICE*

Docket Number: ____________

I, ______________________________, hereby certify under penalty of perjury that
(print name)

on ____________________________, I served a copy of ______________________________
(date)

______________________________________________________________________________
(list all documents)

by (select all applicable)**

___ Personal Delivery ___ United States Mail ___ Federal Express or other Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

______________________ ______________________
Today's Date Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

______________________________

v.

______________________________

## CERTIFICATE OF SERVICE*

Docket Number: ____________

I, ______________________________, hereby certify under penalty of perjury that
(print name)

on ____________________________, I served a copy of ______________________________
(date)

____________________________________________________________
(list all documents)

by (select all applicable)**

___ Personal Delivery ___ United States Mail ___ Federal Express or other Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

______________________________ ______________________________
Today's Date Signature

Certificate of Service Form (Last Revised 12/2015)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): Enter the Court of Appeals docket number

Caption [use short title]

Motion for: Indicate motion relief (e.g. in forma pauperis)

Enter the short title of your case, for example:
Apellido v. New York City

Set forth below precise, complete statement of relief sought:

Indicate the reason you are asking for the above relief. For example

Indicate the reason you are asking for in forma pauperis relief.

MOVING PARTY: Enter your name and check 1 box below

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

OPPOSING PARTY: Enter the name (s) of your opposing party

MOVING ATTORNEY: ______

OPPOSING ATTORNEY: ______

[Name of attorney, with firm, address, phone number and e-mail]

Enter your complete address

Enter the complete address of your opposing party's attorney

Court- Judge/ Agency appealed from: Enter the full name of the district court or agency

Please check appropriate boxess:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☐ No (explain): Indicate whether you have informed the opposing party of the filing of this motion.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: ______

Is oral argument on motion requested? ☐ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date: ______

Signature of Moving Attorney:

Sign your name ______ Date: Enter today's date Service by: ☐ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

SAMPLE FORMAT

Provide a statement that identifies the relevant facts and makes a showing of likely merit as to each issue you intend to present on appeal. See Local Rule 24.1

Sample Format

# UNITED STATES DISTRICT COURT

for the

______________ DISTRICT OF ______________

| | | |
|---|---|---|
| ______________, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. ______ |
| ______________, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: ______________________ | Date: ______________________ |

My issues on appeal are: ______________________________________________

______________________________________________________________________

______________________________________________________________________

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*



Sample Format

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | **$** | **$** | **$** | **$** |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |



Sample Format

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. *How much cash do you and your spouse have?* $________

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| **Financial Institution** | **Type of Account** | **Amount you have** | **Amount your spouse has** |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| **Home** | **Other real estate** | **Motor vehicle #1** |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |



Sample Format

| **Motor vehicle #2** | **Other assets** | **Other assets** |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| **Person owing you or your spouse money** | **Amount owed to you** | **Amount owed to your spouse** |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| **Name [or, if under 18, initials only]** | **Relationship** | **Age** |
|---|---|---|
| | | |
| | | |
| | | |



Sample Format

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | **You** | **Your Spouse** |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included? ☐ Yes ☐ No<br>Is property insurance included? ☐ Yes ☐ No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ | $ |
| Life: | $ | $ |
| Health: | $ | $ |
| Motor vehicle: | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
| Motor Vehicle: | $ | $ |
| Credit card (name): | $ | $ |
| Department store (name): | $ | $ |
| Other: | $ | $ |



Sample Format

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☐ Yes ☐ No If yes, describe on an attached sheet.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☐ No

*If yes, how much?* $

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *State the city and state of your legal residence*

*Your daytime phone number:*

*Your age:* *Your years of schooling:*



Sample Format

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_______________________________

v.

_______________________________

## CERTIFICATE OF SERVICE*

Docket Number: ____________

I, ________________________________, hereby certify under penalty of perjury that
(print name)

on ______________________________, I served a copy of ______________________________
(date)

_______________________________________________________________________________
(list all documents)

by (select all applicable)**

___ Personal Delivery ___ United States Mail ___ Federal Express or other Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

| | | | | |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_______________________________ _______________________________
Today's Date Signature

Certificate of Service Form (Last Revised 12/2015)

Sample Format

# 12-0000

UNITED STATES COURTS OF APPEALS
FOR THE SECOND CIRCUIT

---

JOHN APELLIDO,

Plaintiff-Appellant,

v.

NEW YORK CITY,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Southern District of New York

---

Brief of Appellant John Apellido

John Apellido, Pro Se
Complete Address
Telephone

# TABLE OF CONTENTS

| | Page(s) |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Statutes & Rules | 3 |
| Statement of Subject Matter and Appellate Jurisdiction | 4 |
| Statement of the Issues Presented for Review | 5 |
| Statement of the Case | 6 |
| Statement of the Facts | 7 |
| Summary of the Argument | 8 |
| Argument | 8 |
| Conclusion | 9 |
| Certificate of Compliance | 10 |
| Certificate of Service | 11 |

## Table of Authorities

Anderson v. Liberty Inc., 111 U.S. 222, 234-56 (1986)........................................ 5

Mendelsohn v. Sprint United, 222 F. 3d 1234, 1235 (10th Cir. 2006) .................. 6

Reeves v. Sanderson Plumbing, 333 U.S. 123, 456 (2000) .................................. 7

STATUTES

20 U.S.C. § 1234........................................................................................ 8
20 U.S.C. § 5678........................................................................................ 8
28 U.S.C. § 8901........................................................................................ 9

RULES

FED. R. CIV. P. 9(b) ................................................................................ 8
FED. R. CIV. P. 10(c) .............................................................................. 8
FED. R. CIV. P. 12(b)(6) .......................................................................... 8

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

See FRAP 28(a)(4)

A statement of the subject matter and appellate jurisdiction. The statement must include:

(a) the basis for the subject matter jurisdiction in the district court or agency, with citation to applicable statutory provisions and with reference to the relevant facts to establish such jurisdiction;

(b) the basis for jurisdiction in the court of appeals, with citations to applicable statutory provisions and with reference to the relevant facts to establish such jurisdiction;

(c) the relevant filing dates establishing the timeliness of the appeal or petition for review; and

(d) an explanation establishing the appeal is from a final order or a final judgment that disposes of all claims with respect to all parties or, if not, otherwise demonstrating that the court of appeals has jurisdiction on some other basis.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

See FRAP 28(a)(5)

A statement of the issues presented for review.

## STATEMENT OF THE CASE

See FRAP 28(a)(6), LR 28.1

A statement of the case briefly indicating the nature of the case, the course of proceedings, and its disposition in the court below.

An appellant's brief must name the judge or agency official who rendered the decision appeal form and cite the decision, if reported.

## STATEMENT OF THE FACTS

See FRAP 28(a)(7)

A statement of the facts relevant to the issues presented for review with appropriate references to the records as prescribed under FRAP 28(e).

## SUMMARY OF THE ARGUMENT

See FRAP 28(a)(8)

A summary of the argument may precede itself. A summary must contain a succinct, clear, accurate statement of the argument.

## ARGUMENT

See FRAP 28(a)(9)

The argument must address the appellant's contentions with respect to the issues presented and the reasons for raising those issues with citations to the authorities, statutes and parts of the record upon which appellant is relying.

## CONCLUSION

See FRAP 28(a)(10)

A short conclusion stating the precise relief sought.

For example:

I therefore respectfully ask that this Court reverse the judgment of the district court with a finding of fact in favor of the appellant. In the alternative the court should remand the case for a fair and impartial trial before an unprejudiced jury on proper evidence and under correct instructions as is just and proper.

Respectfully submitted,

John Apellido, Pro Se
Plaintiff-Appellant

# CERTIFICATE OF COMPLIANCE

I, John Apellido, certify that this brief contains 14,000 words or less.

## United States Court of Appeals for the Second Circuit

CAPTION:

_____________________________ v.

_____________________________

_____________________________

**CERTIFICATE OF SERVICE**
Docket Number: ______________

I, ____________________________________, hereby certify under penalty of perjury that on
(name)

____________________________________, I served a copy of __________________________________
(date)

_____________________________________________________________________________________
(list all documents)

by (select all applicable)*

___ United States Mail
___ Federal Express
___ Overnight Mail
___ Facsimile
___ E-mail
___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

_____________________________________________________________________________________
Name Address City State Zip Code

_____________________________________________________________________________________
Name Address City State Zip Code

_____________________________________________________________________________________
Name Address City State Zip Code

_____________________________________________________________________________________
Name Address City State Zip Code

_________________________________ _________________________________
Today's Date Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

# 12-0000

UNITED STATES COURTS OF APPEALS
FOR THE SECOND CIRCUIT

JOHN APELLIDO,

Plaintiff-Appellant,

v.

NEW YORK CITY,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of New York

Appendix of Appellant John Apellido

John Apellido, Pro Se
Complete Address
Telephone

# TABLE OF CONTENTS

1. District Court Docket Sheet....................................................3

2. Order being appealed ....................................................9

3. Judgment............ ....................................................10

4. Notice of Appeal ....................................................11

5. Certificate of Service ....................................................12

CLOSED, APPEAL, PRO-SE

U.S. DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK-(WHITE PLAINS)

**CIVIL DOCKET FOR CASE #: 1:02-cv-3456-ABC**

Apellido v New York City
Assigned to: Judge Albert Brooks Camp

Date Filed: 10/05/2009
Date Terminated: 01/03/2011

Case in other court: US Court of Appeals, Second Circuit, 11-nnnn

Cause: 42:2000e Job Discrimination (Employment)

Jury Demand: None
Nature of Suit: 442 Civil Rights Jobs

Jurisdiction: Federal Question

**Plaintiff**

**John Apellido**

John Apellido
123 Elm Street
Anywhere Town; New York
Tel: 716-123-4567
Fax: 716-123-7890
Email: johnapellido@hotmail.com
PRO SE

V.

**Defendant**

**New York City**

Lucy Lawyer
NYC Dept. Of Law
100 Church Street
New York, N.Y. 10002
Tel:212-123-4567
Fax:212-123-7890
Email: lucylawyer@nyc.hotmail.com

| 1. Date Filed | # | Docket Text |
|---|---|---|
| 06/24/2009 | 1 | COMPLAINT against New York City. (Filing Fee $ 350.00, Receipt Number 691996)Document filed by John Apellido.(mro) (Entered: 06/25/2009) |
| 06/24/2009 | | SUMMONS ISSUED as to New York City. (mro) (Entered: 06/25/2009) |
| 06/24/2009 | | Magistrate Judge Xavier Young is so designated. (mro) (Entered: 06/25/2009) |
| 09/23/2009 | 2 | MEMO ENDORSEMENT on Plaintiff's Motion for request for Extension of time to Serve all Defendants; So Ordered, a 90 day extension is granted, but no further extensions will be granted. (Signed by Judge Albert Brooks Camp on 9/23/09) (djc) (Entered: 09/23/2009) |
| 10/13/2009 | 3 | NOTICE OF APPEARANCE by Lucy Lawyer on behalf of New York City, (Rosenstein, Ira) (Entered: 10/13/2009) |
| 10/14/2009 | 4 | NOTICE OF APPEARANCE by Lucy Lawyer on behalf of New York City, Citibank NA, Citi (mro) (Entered: 10/15/2009) |
| 10/20/2009 | 5 | NOTICE OF APPEARANCE by Lucy Lawyer on behalf of New York City. (mro) (Entered: 10/21/2009) |
| 10/21/2009 | 6 | ENDORSED LETTER addressed to Judge Albert Brooks Camp from Lucy Lawyer dated 10/20/2009 re: Counsel for defendants writes requesting an adjournment of the conference scheduled for Friday, October 30, 2009. ENDORSEMENT: The conf is adjourned to 11/20/2009, 10:00 a.m. If a "12-b-6" motion is filed, counsel will asks for cancellation of the conf. (Signed by Judge Albert Brooks Camp on 10/21/2009) (tve) (Entered: 10/21/2009) |
| 10/21/2009 | 7 | NOTICE OF APPEARANCE by Lucy Lawyer on behalf of New York City (mro) (Entered: 10/22/2009) |
| 10/22/2009 | 8 | WAIVER OF SERVICE RETURNED EXECUTED. New York City waiver sent on 9/20/2009, answer due 11/19/2009. Document filed by John Apellido. (mbe) (Entered: 10/27/2009) |
| 10/22/2009 | 9 | DUPLICATE WAIVER OF SERVICE RETURNED EXECUTED. New York City waiver sent on 9/20/2009, answer due 11/19/2009. Document filed by John Apellido. (mbe) (Entered: 10/27/2009) |
| 11/16/2009 | 10 | MOTION to Dismiss the Complaint pursuant to Rule 12(b)(6) of the FRCP. |

| | | |
|---|---|---|
| | | Document filed by New York City.(mro) (Entered: 11/17/2009) |
| 11/16/2009 | 11 | MEMORANDUM OF LAW in Support re: 10 MOTION to Dismiss the Complaint pursuant to Rule 12(b)(6) of the FRCP. Document filed by New York City. (mro) (Entered: 11/17/2009) |
| 11/16/2009 | 12 | DECLARATION of Lucy Lawyer in Support re: 10 MOTION to Dismiss the Complaint pursuant to Rule 12(b)(6) of the FRCP. Document filed by New York City. (mro) (Entered: 11/17/2009) |
| 11/16/2009 | 13 | NOTICE TO PRO SE LITIGANT OPPOSING A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS. Document filed by New York City. (mro) (Entered: 11/17/2009) |
| 11/16/2009 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying New York City. (mro) (Entered: 11/17/2009) |
| 11/16/2009 | 15 | DECLARATION OF SERVICE of Motion to Dismiss, Memorandum in Support, Declaration in Support, Notice to Pro Se Litigant, Rule 7.1 Disclosure Statement served on John Apellido on 11/16/09. Service was made by Federal Express. (mro) (Entered: 11/17/2009) |
| 12/09/2009 | 16 | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS. Document filed by John Apellido. (Sworn Affidavit of John Apellido in Support and Exhibits attached hereto). (mro) (Entered: 12/15/2009) |
| 12/21/2009 | 17 | REPLY MEMORANDUM OF LAW in Further Support re: 10 MOTION to Dismiss. Document filed by New York City. (Received in the night deposit box on 12/21/09 at 5:11pm) (mro) (Entered: 12/22/2009) |
| 01/05/2010 | 18 | PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER OPPOSITION TO DEFENDANTS' REPLY AND MOTION TO DISMISS. Document filed by John Apellido. (mro) (Entered: 01/06/2010) |
| 01/28/2010 | 19 | MEMO ENDORSEMENT denying 10 Motion to Dismiss. Motion Denied. Defendants may allege the release as an affirmative defense and file a motion under Rule 12(c ), Fed.R.Civ.P. (Signed by Judge Albert Brooks Camp on 1/28/2010) (jmi) (Entered: 01/28/2010) |
| 02/11/2010 | 20 | DEFENDANTS' ANSWER to Complaint. Document filed by New York City.(mro) (Entered: 02/16/2010) |
| 02/23/2010 | 21 | MOTION for Judgment on the Pleadings. Document filed by New York City.(mro) (Entered: 02/24/2010) |
| 02/23/2010 | 22 | MEMORANDUM OF LAW in Support re: 21 MOTION for Judgment on the Pleadings. Document filed by New York City. (mro) (Entered: 02/24/2010) |
| 02/23/2010 | 23 | DECLARATION OF SERVICE of Motion for Judgment on the Pleadings, Notice to Pro Se Litigant, Defendant's Answer, Memorandum of Law in |

| | | |
|---|---|---|
| | | Support served on John Apellido on 2/22/10. Service was made by US Postal Service (first class delivery).. (mro) (Entered: 02/24/2010) |
| 03/18/2010 | 24 | AFFIDAVIT of John Apellido in Opposition re: 21 MOTION for Judgment on the Pleadings. Document filed by John Apellido. (Attachments: # 1 Exhibit)(mro) (Entered: 03/19/2010) |
| 03/30/2010 | 25 | REPLY MEMORANDUM OF LAW in Further Support re: 21 MOTION for Judgment on the Pleadings. Document filed New York City. (mro) (Entered: 03/31/2010) |
| 03/30/2010 | 26 | DECLARATION of Lucy Lawyer in Support re: 21 MOTION for Judgment on the Pleadings. Document filed by New York City. (mro) (Entered: 03/31/2010) |
| 03/30/2010 | 27 | DECLARATION OF SERVICE of Defendants' Memorandum of Law in Further Support of their Motion for Judgment on the Pleadings, with the exhibit served on John Apellido on 3/29/10. Service was made by Federal Express. (mro) (Entered: 03/31/2010) |
| 04/05/2010 | 28 | SUPPLEMENTAL SWORN AFFIDAVIT of John Apellido. Document filed by John Apellido. (Attachments: # 1 part 2)(mbe) (Entered: 04/07/2010) |
| 04/12/2010 | 29 | MEMORANDUM OF LAW and Exhibits in Support. Document filed by John Apellido. (mbe) (Entered: 04/16/2010) |
| 04/26/2010 | 30 | NOTICE OF CHANGE OF ADDRESS by Lucy Lawyer on behalf of defendants. New Address:100 Church Avenue, New York, NY, 10019, 212-506-5000; fax-212-506-5151. (mro) (Entered: 04/27/2010) |
| 11/08/2010 | 31 | ORDER GRANTING MOTION AND DISMISSING COMPLAINT: The Clerk is instructed to issue judgment for Defendants, to mark the present motion (Doc. No. 21) terminated, and the case as closed. (Signed by Judge Albert Brooks Camp on 11/8/2010) (jfe) (Entered: 11/08/2010) |
| 11/08/2010 | | Transmission to Judgments and Orders Clerk. Transmitted re: 31 Order on Motion for Judgment on the Pleadings, to the Judgments and Orders Clerk. (jfe) (Entered: 11/08/2010) |
| 11/09/2010 | 32 | JUDGMENT That for the reasons set forth in the Courts Order dated November 8, 2010, the federal claims are dismissed as time-barred and the balance of claims are dismissed for lack of jurisdiction; accordingly, the case is closed. (Signed by Clerk of Court on 11/9/10) (Attachments: # 1 Notice of Right to Appeal)(dt) (Entered: 11/09/2010) |
| 11/09/2010 | | Transmission to Docket Assistant Clerk. Transmitted re: 32 Judgment,, to the Docket Assistant Clerk for case processing. (dt) (Entered: 11/09/2010) |
| 11/09/2010 | | Mailed notice of Right to Appeal re: 32 Judgment, to Pro Se Litigant(s): |

| | | |
|---|---|---|
| | | John Apellido and to Attorney(s) of Record: Lucy Lawyer. (eef) (Entered: 11/16/2010) |
| 12/07/2010 | 33 | NOTICE OF APPEAL from 32 Judgment, 19 Order on Motion to Dismiss. Document filed by John Apellido. (tp) (Entered: 12/09/2010) |
| 12/07/2010 | | Appeal Remark as to 33 Notice of Appeal filed by John Apellido. $455.00 APPEAL FEE DUE. (tp) (Entered: 12/09/2010) |
| 12/09/2010 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 33 Notice of Appeal. (tp) (Entered: 12/09/2010) |
| 12/09/2010 | | Transmission of Notice of Appeal to the District Judge re: 33 Notice of Appeal. (tp) (Entered: 12/09/2010) |
| 12/10/2010 | 34 | Appeal Record Sent to USCA (Index). Notice that the Original index to the record on Appeal for 33 Notice of Appeal filed by John Apellido 3 Copies of the index, Certified Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (tp) (nd). (Entered: 12/10/2010) |
| 12/10/2010 | | Appeal Record Sent to USCA (File). Indexed record on Appeal Files for 33 Notice of Appeal filed by John Apellido were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/10/2010) |
| 12/14/2010 | | USCA Case Number 10-5030-cv from the US Court of Appeals, Second Circuit assigned to 33 Notice of Appeal filed by John Apellido. (nd) (Entered: 12/14/2010) |
| 12/16/2010 | 35 | MOTION to Request to Proceed In Forma Pauperis on Appeal. Document filed by John Apellido.(kj) (Entered: 12/16/2010) |
| 12/21/2010 | 36 | MEMO-ENDORSEMENT re: granting 35 Motion for Leave to Appeal in forma pauperis. ENDORSEMENT: Let the applicant proceed on appeal without prepayment of cost or fees or the necessity of giving security therefor. (Signed by Judge Albert Brooks Camp on 12/21/10) (pl) (Entered: 12/21/2010) |
| 02/11/2011 | 37 | NOTICE OF CHANGE OF ADDRESS by Lucy Lawyer on behalf of All Defendants. New Address: 100 Church Street, New York, New York, 10178, 212-309-6000.(Entered: 02/11/2011) |

United States District Court

Southern District of New York

---

John Apellido,
Plaintiff,

-against-

JUDGMENT
1:02-CV-3456-ABC

New York City,

Defendant.

---

The issues in the above entitled action having been brought on for trial before the Hon. Albert Brooks Camp, U.S.D. J., and the case proceeding to trial on August 01, 2005 and at the conclusion of the trial on August 19, 2005 the jury having answered the verdict sheet, and in so doing, having found in favor of the defendant, it is,

ORDERED, ADJUDGED AND DECREED: That the complaint be and it is hereby DISMISSED.

Date: White Plains, New York
August 19,2005

Approved:

Hon. Albert Brooks Camp, U.S.D. J.

Clerk

Note: The appendix must include the order or judgment being appealed.

**United States Court of Appeals for the Second Circuit**

CAPTION:

_________________________ v.

**CERTIFICATE OF SERVICE**

_________________________ Docket Number: ____________

_________________________

I, ________________________________, hereby certify under penalty of perjury that on
(name)

________________________________, I served a copy of ______________________________
(date)

______________________________________________________________________________
(list all documents)

by (select all applicable)*

___ United States Mail
___ Federal Express
___ Overnight Mail
___ Facsimile
___ E-mail
___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

______________________________________________________________________________
Name Address City State Zip Code

______________________________________________________________________________
Name Address City State Zip Code

______________________________________________________________________________
Name Address City State Zip Code

______________________________________________________________________________
Name Address City State Zip Code

_____________________________ _____________________________________
Today's Date Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## PRO SE SCHEDULING NOTIFICATION (NON - AGENCY CASE)

| THIS SECTION MUST BE COMPLETED BY APPELLANT | | |
|---|---|---|
| CASE TITLE: | USCA DOCKET NUMBER: | APPELLANT: |
| | DISTRICT: | APPELLANT'S ADDRESS: |
| | DISTRICT/AGENCY NUMBER: | APPELLANT'S PHONE NUMBER: |

Pursuant to Local Rule 31.2(a)(1)(A), I request that my brief and appendix be accepted for filing no later than ______________________ (MM/DD/YYYY). This date is within 91 days of the later of (1) the receipt of the last transcript in my case or (2) when no transcript is ordered, the required filing date of my Form D-P with the Court.

I understand that if I fail to return this signed scheduling proposal as stated above, the Court will issue an order setting a 40-day deadline to file my brief. If I fail to file my brief, the case may be dismissed.

I also understand that in the absence of extraordinary circumstances, such as a personal illness or family death, the Court will not grant a motion to extend the time to file a brief. Local Rule 27.1.(f)(1).

______________________________
Signature of Appellant/Petitioner

______________
Date

______________________________
Print Name

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## ORAL ARGUMENT STATEMENT (Local Rule 34.1(a))

**TO REQUEST ORAL ARGUMENT, FILL OUT THIS FORM AND FILE IT WITH THE CLERK WITHIN 14 DAYS AFTER THE FILING OF THE LAST APPELLEE BRIEF. IF THIS FORM IS NOT TIMELY FILED, YOU WILL NOT BE PERMITTED TO ARGUE IN PERSON.**

Short Title of Case: ______________________________ Docket No.: __________

Name of Party: ______________________________

Status of Party (e.g., appellant, cross-appellee, etc.): ______________________________

Check one of the three options below:

____ I want oral argument.

____ I want oral argument only if at least one other party does.

____ I do not want oral argument.

> An attorney whose preference depends on whether other attorneys will argue should consider conferring before requesting argument. After the appeal has been scheduled for oral argument, a motion by counsel to forgo oral argument, even on consent, may be denied.

If no party wants oral argument, the case will be decided on the basis of the written briefs. If you want oral argument, you must appear in Court on the date set by the Court for oral argument.

**The Court may determine to decide a case without oral argument even if the parties request it.**

**If you want oral argument**, state the name of the person who will argue:

Name: ______________________________

(An attorney must be admitted to practice before the Court in accordance with Local Rule 46.1.)

**If you want oral argument**, list any dates (including religious holidays), that fall in the interval from 6 to 20 weeks after the due date of this form, that the person who will argue is not available to appear in Court:

______________________________

______________________________

**ANYONE WHO WANTS TO ARGUE MUST UPDATE THE COURT IN WRITING OF ANY CHANGE IN AVAILABILITY. THE COURT MAY CONSIDER A FAILURE TO UPDATE ABOUT AVAILABILITY WHEN DECIDING A MOTION TO POSTPONE A SET ARGUMENT DATE.**

**Filed by:**

Print Name: ______________________________ Date: __________

Signature: ______________________________

(Revised December 2011)

## Pro Se Certificate of Compliance with

## Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

❑ **Brief** contains __________ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
**Brief** contains __________ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Reply Brief** contains __________ words. [7,000 word limit - LR 32.1(a) (4)(B)], or
**Reply Brief** contains __________ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Writ of Mandamus/Prohibition** contains __________words. [7,800 word limit - FRAP 21(d)(1)], or
**Writ of Mandamus/prohibition** contains __________ pages. [30 page limit - FRAP 21(d)(2)]

❑ **Motion** or **Response to the Motion** contains __________ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
**Motion** or **Response to the Motion** contains __________ pages. [20 page limit - FRAP 27(d)(2)(B)]

❑ **Reply to the Motion** contains __________ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
**Reply to the Motion** contains __________ pages. [10 page limit - FRAP 27(d)(2)(D)]

❑ **Petition for Panel or En Banc Hearing** contains __________ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
**Petition for Panel or En Banc Hearing** contains __________ pages. [15 page limit - FRAP 35(b)(2)(B]

❑ **Petition for Panel Rehearing** contains __________ words. [3,900 word limit - FRAP 40 (b)(1)], or
**Petition for Panel Rehearing** contains __________ pages. [15 page limit - FRAP 40 (b)(2)]

CLERK'S OFFICE
) STATES COURT OF APPEALS
JNITED STATES COURTHOUSE
FOLEY SQUARE
NEW YORK, NY 10007

OFFICIAL BUSINESS

NIXIE 061 CE 18CU 0210/06/26
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 10007156199 0060N279182-01427

USM 4LD
SDNY

PRIORITY MAIL

US POSTAGE IMPITNEY BOW
ZIP 10007 $ 011.00
02 7W
0008043023 SEP. 02 202

ANK